**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 08-1449

Theodore J. Segars,                                          Appellant,

   v.

Erik K. Shinseki,
Secretary of Veterans Affairs,                              Appellee.


Before HAGEL, LANCE, and SCHOELEN, *Judge*s.

**O R D E R**

The question before the Court is whether an appellant's brief may refer to certain documents that are not contained in the record of proceedings for the limited purpose of establishing that the Secretary did not satisfy the duty to assist in obtaining such documents.

In May 2008, Theodore J. Segars appealed a January 17, 2008, Board of Veterans' Appeals (Board) decision denying him entitlement to VA benefits for adenocarcinoma of the colon. On November 6, 2008, Mr. Segars submitted through counsel an opposed motion to remand his appeal, asserting that his attorney had found certain documents that established that VA did not satisfy its obligations to assist in developing his claim. Appended to that motion were copies of documents that Mr. Segars had found through the diligent efforts of his attorney. He argued that those documents should have been included in the record prior to the Board decision, and therefore the appeal should be remanded for readjudication with the documents included in the record. On March 12, 2009, after a telephonic conference, Mr. Segars withdrew his motion for remand.

Thereafter, on June 23, 2009, Mr. Segars submitted his principal brief. The Secretary then moved to strike Mr. Segars's brief on the basis that the brief impermissibly referenced documents that were not contained in the record before the Board and that were the subject of Mr. Segars's withdrawn November 6, 2008, motion for a remand. The Secretary argues that Mr. Segars's brief should not have referenced his earlier motion for remand or any of the documents attached to that motion. On September 16, 2009, the Court ordered that the Secretary's motion to strike Mr. Segars's brief be submitted to a panel for decision. Oral argument on the Secretary's motion was held on October 27, 2009.

In his brief, Mr. Segars argues that the Secretary failed to satisfy the duty to assist by obtaining certain documents. Mr. Segars asserts that the Board cited an October 1986 statement from a clinical pathologist that is in the record in its decision. Mr. Segars further argues that the

1

October 1986 statement references an earlier report dated May 17, 1985,[1] from the same doctor and that this report is not contained in the record. Mr. Segars further noted that it was clear from the October 1986 document in the record that he had been represented by counsel in 1985 and 1986 in a matter that he asserts is relevant to the adjudication of his claim. Consequently, Mr. Segars contends the Secretary was obligated to contact the former counsel to determine if any additional relevant records existed as part of the duty to assist. Appellant's Brief (Br.) at 3. Specifically, Mr. Segars claimed that if the Secretary had contacted the previous counsel, he would have "also discovered a deposition of Dr. William Johnson of the Dwight David Eisenhower Army Medical Center, Fort Gordon, Georgia." Appellant's Br. at 3.

Mr. Segars contends that his counsel "was easily able to locate the May 17, 1985 record." Appellant's Br. at 2. Mr. Segars states the May 17, 1985, report "along with another report by Dr. Ehrlich . . . were attached to Appellant's Motion for Remand."[2] *Id.* He asserts that these documents establish that VA did not satisfy its duty to assist in obtaining relevant documents, because these records would have been obtained had VA fulfilled its statutory duties.

Thus, in his brief, Mr. Segars refers to several documents that were not contained in the record before the Board. Mr. Segars notes that the October 1986 private doctor's report, which is in the record, cites to a May 1985 doctor's report that is not in the record. This citation to a document not contained in the record is permissible, because Mr. Segars in fact cites the October 1986 report that is in the record, correctly describes its contents, and argues that the record document itself is the source of the duty to assist violation. To the extent that Mr. Segars limits his argument concerning the earlier report to the description of that report that is actually contained in the record, the Court has no basis for striking that portion of his brief.

However, Mr. Segars goes further than just mentioning that a document in the record references a document that is not in the record. His brief states that the May 1985 doctor's report along with another unspecified report, which were not contained in the record, unquestionably exist. Mr. Segars notes that his counsel was able to obtain a copies of these reports. Mr. Segars's brief also references a deposition that was not in the record before the Board.

Pursuant to 38 U.S.C. § 5103A, the Secretary has a duty to assist a claimant in obtaining evidence necessary to substantiate a claim for benefits. Section 5103A(b) establishes the Secretary's duties in assisting a claimant to obtain relevant private and government records. The Court has held that the duty to assist applies to relevant records that the claimant has adequately identified. *Loving v. Nicholson*, 19 Vet.App. 96, 102 (2005). It is important to note, however, that under the procedural

---

[1]In Mr. Segars's brief, he refers to the May 17, 1985 report as the "6/17/86 report." The Court believes that the reference to a June 17, 1986, report is an error based upon an unclear copy of the date in the October 1986 report.

[2]This second report, dated June 9, 1985, was not referenced in the October 1986 report that is in the record. Because the June 1985 report is not in the record and is not referenced within a document in the record, the Court treats this second 1985 medical report as akin to the deposition, as each are documents that Mr. Segars claims VA should have sought despite the fact that neither was contained or referenced in the record.

posture of this case, the question before the Court is not whether the Secretary had a duty to assist in obtaining the disputed documents. Instead, the Court must determine whether it may consider Mr. Segars's descriptions of the documents in his brief as part of his argument that the Secretary failed the duty to assist by not obtaining such documents.

The Court's scope of review is limited by statute to "the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). The Court has previously held that section 7252 precludes the consideration of materials attached to an informal brief that were not included in the record before the Board. *Brock v. Brown*, 10 Vet.App. 155, 159 (1997). The Court finds no reason to depart from this well-established rule, nor do the facts of this case require such departure. Mr. Segars is not asking the Court to consider the additional documents for their content. Rather, he is asking the Court to consider the documents for the limited purpose of determining whether the duty to assist has been satisfied. The content of these documents, or even their existence, is simply irrelevant to the question of whether the Secretary had a duty to assist in obtaining adequately identified relevant records.[3] If the Secretary has a duty to assist in obtaining certain documents and the Secretary fails to obtain such records, the Court can determine that the Secretary failed to satisfy that duty pursuant to 38 U.S.C. § 5103A without examining the actual records themselves and without reference to the fact that such records actually exist. Similarly, if the Court determines from the record that the Secretary did not have a duty to assist in obtaining certain documents, the content or existence of those records is irrelevant. *See Patton v. West*, 12 Vet.App. 272, 276 (1999) (holding that Court would not consider affidavit to establish that post-traumatic stress disorder stressor occurred, as such evidence is properly submitted to the Board).

Since the Board decision discusses the October 1986 letter, which itself refers to additional reports by the same doctor, there is no need for the Court to consider material outside the record in determining whether the Secretary had a duty to obtain such records. The Secretary requests that Mr. Segars strike references to any documents attached to his motion for remand. The May 1985 report was among the documents attached to the motion to remand. As noted above, the Court is precluded by 38 U.S.C. § 7252(b) from considering references to documents not contained in the record before the Board, so Mr. Segars cannot note that the report actually exists. The Court will grant the Secretary's motion and order Mr. Segars to strike any references to the May 1985 report indicating that the report exists.[4] However, the October 1986 letter that is in the record references a May 1985 report from the same doctor. To the extent that the Secretary argues that Mr. Segars must strike any

---

[3]The question of whether the duty to assist has been triggered must be distinguished from a situation where the Secretary asserts that there is no further obligation to continue seeking to obtain records because "it is reasonably certain that such records do not exist or that further efforts to obtain those records would be futile." 38 U.S.C. § 5103A(b)(3); *see Hayre v. West*, 188 F.3d 1327, 1331 (Fed. Cir. 1999) (holding that a single unsuccessful request for records does not fulfill duty to assist), *overruled on other grounds by Cook v. Principi*, 318 F.3d 1334 (Fed. Cir. 2002). The statute clearly presumes that any document referred to in the record exists and places the burden on the Secretary to demonstrate otherwise. *See* 5103A(b)(3). When the Secretary attempts to rebut the presumption, then the existence of documents not contained in the record may be relevant.

[4]Specifically, Mr. Segars asserted on page 2 that he "was easily able to locate the May 17, 1985 record." This reference must be removed from the record.

references to the May 1985 report, the Court will deny the motion. Mr. Segars may refer to the May 1985 doctor's report, but only to the extent that such a report is described in a document that is contained in the record.

The Secretary argues that Mr. Segars impermissibly cited to a deposition that was not contained in the record before the Board. The deposition referred to in Mr. Segars's brief is distinguishable from the reference in the October 1986 doctor's report, because the deposition is not referenced in any documents in the record. Thus, the deposition cannot be mentioned in any manner in Mr. Segars's brief. Additionally, Mr. Segar's motion for remand was not part of the record before the Board and any references to that motion must be stricken. The Court notes that Mr. Segars withdrew this motion, and he is bound by such a withdrawal. Accordingly, the Court will grant the Secretary's motion to strike Mr. Segars's brief, with respect to its references to the deposition and the motion for remand, and will direct him to file a substitute brief that complies with this Order. The normal briefing schedule will resume after the timely filing of Mr. Segars's substitute brief.

We note that, at oral argument, the Secretary stated that if the motion was granted, the Secretary would not oppose the appellant refiling his brief without reference to the objectionable documents.

Upon consideration of the foregoing, it is,

ORDERED that the Secretary's motion to strike Mr. Segars's June 23, 2009, brief is granted in part and denied in part. It is further

ORDERED that Mr. Segars submit a brief that accords with this order not later than 30 days after the date of this order. It is further

ORDERED that the briefing schedule will proceed in accordance with Rule 31 of this Court's Rules of Practice and Procedure after Mr. Segars files his brief.

DATED: November 20, 2009                                    PER CURIAM.


Copies to:

Anthony C. Hayes, Esq.

Douglas J. Rosinski, Esq.

VA General Counsel (027)